1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10                      ----oo0oo----

11  MICHAEL D. BURCH and THE
    BANKRUPTCY ESTATE OF MICHAEL
12  D. BURCH,
                                    NO. CIV. S-04-0038 WBS GGH
13          Plaintiffs,

14      v.                          MEMORANDUM AND ORDER
                                    RE: DEFENDANTS' EMERGENCY
15  REGENTS OF THE UNIVERSITY OF    MOTION FOR RELIEF FROM ORDER
    CALIFORNIA, LARRY VANDERHOEF,
16  GREG WARZECKA, PAM GILL-
    FISHER, ROBERT FRANKS, and
17  LAWRENCE SWANSON,

18          Defendants.
                                    ----oo0oo----
19

20          Pursuant to Federal Rule of Civil Procedure 60(b),

21  defendants have filed an emergency motion for relief from the

22  court's July 22, 2005 order, requesting that they specifically be

23  relieved from the portion of the order requiring them to produce

24  within ten days from the date of the order the documents

25  requested in plaintiffs' May 31, 2005 motion to compel.

26  Defendants contend that they did not have an opportunity to be

27  heard on the merits of the motion and that portions of the

28  documents at issue are privileged.

                              1

I.    Factual and Procedural Background

On February 16, 2005, this court granted the parties' stipulated request to modify the scheduling order in this case by, among other things, moving the deadline for the completion of discovery to April 11, 2005.  (See February 16, 2005 Order at 4-5).  On April 13, 2005 the court granted another stipulated request from the parties, extending "the deadline for completing depositions in this case . . . through May 30, 2005."  (See April 13, 2005 Order at 3)(emphasis added).

Because defendants requested and obtained several extensions for their final document production, they did not actually produce the final set of documents plaintiffs requested until May 13, 2005.  (Declaration of Kristen Galles in Supp. of Pls.' Mot. Under Rule 56(f) (hereinafter "Galles Decl.") ¶ 8).  Plaintiffs' counsel states that the final document production was deficient.  (Id.).

After defendants' final production of documents, the parties conducted depositions in this case throughout the weeks of May 16 and May 23, 2005.  (Id. ¶ 9).  At the end of the second week, on May 27, 2005, plaintiffs' counsel held a final conference with defense counsel to try to resolve what she viewed as defendants' inadequate document production.  She then filed a motion to compel on the next court day, which was May 31, 2005. (Id.).  Plaintiff's counsel states that she could not file a motion to compel any sooner after receiving defendants' final production because she was engaged in depositions all day.  She did, however, discuss with defense counsel her problems with the final production during breaks.  (Id.).  She further states that

1 defense counsel had promised her full production if she withheld

2 filing a motion to compel so that defendants would have time to

3 gather the requested documents.  (<u>Id.</u>).  Defendants deny this.

4 (<u>See</u> Begley Decl. in Supp. of Defs.' Opp'n to Pls.' Mot. Under

5 Rule 56(f) ("Begley Decl.") ¶¶ 13-14).

6          On or about June 22, 2005, defendants filed an ex parte

7 application to deny plaintiff's motion to compel as untimely, or

8 in the alternative, to continue the deadlines pertaining to

9 plaintiff's motion to compel.  On June 27, 2005, the assigned

10 magistrate judge vacated plaintiffs' motion to compel on the

11 ground that it was untimely because it was filed beyond the

12 discovery deadline determined by this court's scheduling order.

13 (<u>See</u> June 27, 2005 Order of Magistrate Judge at 1).

14          In the meantime, defendants filed two separate motions

15 for summary judgment in this case pursuant to Federal Rule of

16 Civil Procedure 56.  In response, plaintiffs requested relief

17 from the court pursuant to Federal Rule of Civil Procedure 56(f).

18 Plaintiffs' counsel represented that she needed to obtain

19 outstanding discovery necessary to adequately oppose defendants'

20 motions, which discovery had been denied them by defendants.

21 Defendants argued that plaintiffs' Rule 56(f) application was

22 inexcusably untimely and argued that their summary judgment

23 motions should have been heard and decided as scheduled without

24 any substantive response from plaintiffs.  After reviewing the

25 parties' briefs and affidavits and considering the arguments

26 therein, the court found that plaintiffs could not present facts

27 essential to justify their opposition to defendants' motions for

28 summary judgment.  The court therefore denied defendants' motions

1 without prejudice subject to renewal after the completion of

2 additional discovery ordered by the court, made scheduling

3 changes, and granted plaintiffs' motion to compel which was at

4 the heart of plaintiffs' Rule 56(f) application.  (See July 27,

5 2005 Order at 2-3).

6 II.  Discussion

7      A.   Legal Standard

8           Federal Rule of Civil Procedure 60(b) authorizes the

9 court to "relieve a party . . .from a final judgment or order . .

10 . for [among other things] mistake [or] . . . any . . .reason

11 justifying relief from the operation of the judgment."  Fed. R.

12 Civ. P. 60(b).  "Rule 60(b) does not particularize the factors

13 that justify relief, but . . . it provides courts with authority

14 'adequate to enable them to vacate judgments whenever such action

15 is appropriate to accomplish justice.'"  Lijeberg v. Health Servs.

16 Acquistion Corp., 486 U.S. 847 (1988)(citing Klapprott v. United

17 States, 335 U.S. 601, 614-15 (1949)).  However, Rule 60(b) relief

18 should only be applied in "extraordinary circumstances."  Id.

19      B.   The Court Was Justified in Ruling on Plaintiffs' Motion

20           to Compel Though Some Modification to the Prior Order

21           is Appropriate

22           Defendants contend that plaintiffs' Rule 56(f)

23 application was untimely because the discovery deadline and

24 deadline for filing the motion to compel on which the Rule 56(f)

25 application relied had expired, and because plaintiffs had not

26 shown "good cause" for their late filing.  Thus, in defendants'

27 view, it was too late for plaintiffs to file a motion to compel

28 in order to obtain discovery with which to prepare an opposition

4

1   to defendants' motions for summary judgment.  Plaintiffs

2   contended that any untimeliness on their part was excusable.

3          Whether plaintiffs had a right to the discovery

4   requested in their motion to compel turned, in part, on whether

5   the motion was timely.  See, e.g., Goodworth Holdings, Inc. v.

6   Suh, 239 F. Supp. 2d 947, 966 (N.D. Cal. 2002)(denying motion to

7   compel as untimely).  This is because Rule 56(f) applications are

8   generally disfavored after the close of discovery because the

9   party seeking delay has already had an opportunity to obtain

10  discovery.  See Conkle v. Jeong, 73 F.3d 909 (9th Cir. 1995);

11  Allstate Ins. Co. v. Gilbert, 852 F.2d 449 (9th Cir. 1988).

12  However, even an untimely motion to compel may be granted where

13  production of discovery has been inadequate.  Jorgensen v.

14  Cassiday, 320 F.3d 906, 913 (9th Cir. 2003).  A relaxation of the

15  court's scheduling order may also be in order where a party

16  making a Rule 56(f) application submits evidence demonstrating

17  that he filed an untimely motion to compel after relying on

18  representations by the opposing party that requested discovery

19  would be forthcoming.  See M2 Software, Inc. v. M2 Comm., L.L.C.,

20  217 F.R.D. 499 (C.D. Cal. 2003).  Further, a district court may

21  allow an untimely motion to compel to be heard even where the

22  court finds no good cause for extension if the party requesting

23  discovery acted reasonably and the requests are highly relevant,

24  Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), or where the

25  moving party would otherwise be "significantly handicapped."

26  Allen v. G.D. Searle & Co., 1988 U.S. Dist. LEXIS 13116 *3-4 (D.

27  Or. 1988).

28          Plaintiffs filed their motion to compel on May 31,

5

1  2005.  (See Pls.' Mot. to Compel).  However, the February 16,

2  2005 modification to the scheduling order set the deadline for

3  the completion of discovery on April 11, 2005.  (February 16,

4  2005 Order at 4-5).  This deadline was also the deadline for

5  filing a motion to compel, because, as the original scheduling

6  order made clear, the discovery deadline was also to be the

7  deadline to have all motions to compel "heard" and "any resulting

8  orders [therefrom] obeyed."  (See March 3, 2004 Status (Pretrial

9  Scheduling) Order at 3).  The April 13, 2005 order granting the

10 parties' stipulated request to extend the deadline for completing

11 depositions did not change the general discovery deadline or the

12 deadline for motions to compel production of other nondeposition

13 discovery.  (See April 13, 2005 Order at 3).  Nondeposition

14 discovery was what plaintiffs requested.  (See Pls.' Proposed

15 Order Re: Pls.' Mot. Under Rule 56(f) at 2).[1]  Therefore,

16 plaintiffs' motion to compel was untimely.

17       However, plaintiffs' tardiness in filing their motion

18 to compel was excusable under the circumstances.  Plaintiffs'

19 counsel stated in her declaration that she relied on defense

20 counsel's representations that all requested documents would be

21 produced to her satisfaction if she refrained from filing a

22 motion to compel.  (See Galles Decl. ¶ 9).[2]  By the time she

23

24       [1]   Plaintiffs only requested further deposition discovery
   to the extent it became necessary to clarify any issues raised by
25 the document production they requested.  (See Pls.' Mot. Under
   Rule 56(f) at 4).
26
27       [2]   Defendants denied that such a representation was ever
   made.  (See Begley Decl. ¶¶ 13-14).  However, like the court in
28 M2 Software, 217 F.R.D. 499, this court chose to focus on the
   sufficiency of plaintiffs' evidence regarding the reason for

6

1  received defendants' final production on May 13, 2005 and

2  realized it was, in her opinion, deficient, she was already

3  facing two weeks' worth of depositions that had to be completed

4  by May 30, 2005.  (Id. ¶¶ 8-9).  Though plaintiffs' counsel

5  discussed the problems with defendants' production during breaks

6  in the depositions, she was not able to file a motion to compel

7  until after she held a final conference with defense counsel

8  regarding the issue on May 27, 2005, after the depositions ended.

9  (Id. ¶ 9).  She then filed a motion to compel on May 31, 2005,

10  the next court day after her final conference with defendants.

11  (Id.).  Because plaintiffs' counsel is a solo practitioner, she

12  could not have been expected to respond to defendants' allegedly

13  inadequate production any sooner.  (See Pls.' Mot. Under Rule

14  56(f) Ex. 4 (Galles Decl. in Supp. of Pls.' Emergency Mot. to

15  Change Hearing Date and Modify Scheduling Order) ¶ 1).  She also

16  credibly represented that the discovery requested was critical to

17  her response to defendants' motions.  (See Galles Decl. ¶¶ 14-

18  16)(noting that plaintiffs needed production of documents to

19  demonstrate, among other things, that defendant Vanderhoef was,

20  contrary to his claims, involved in the termination of Mr. Burch;

21  that defendants' claim that they decided to terminate Mr. Burch

22  before he engaged in protected activity is false; and that the

23  reasons defendants gave for terminating Mr. Burch are false).

24

25  their untimely filing.  Whatever misunderstanding the parties may
   have had regarding document production and whether plaintiffs'
26  had to file a motion to compel to obtain requested discovery,
   plaintiffs' counsel's declaration sufficiently demonstrated that
27  she had reason to delay filing a motion to compel.  See id. at
   500(looking to movant's evidence to demonstrate that movant
28  relied on representations that document production would be
   forthcoming in delaying to file motion to compel).

1    Because plaintiffs' delay in filing their motion to
2    compel was excusable and because the motion covered discovery
3    relevant to plaintiffs' Rule 56(f) application, the court
4    considered and ruled on both the motion to compel and the Rule
5    56(f) application.

6    Defendants contend that it was erroneous and unfair for
7    the court to rule on the motion to compel without giving
8    defendants an opportunity to make substantive objections to the
9    motion, especially where defendants had claimed that some of the
10   documents at issue were privileged.  However, the court
11   determined that defendants waived any right to object to
12   plaintiffs' motion to compel to the extent they misled plaintiffs
13   into believing that the requested documents would be produced.
14   See Brandt v. Vulcan, Inc., 30 F.3d 752 n.9 (7th Cir.
15   1994)(acknowledging "that courts have inherent authority to
16   sanction discovery abuses"); Fjelstad v. Am. Honda Motor Co., 762
17   F.2d 1334, 1338 (9th Cir. 1985)(noting that "district courts may
18   rely on their inherent powers in penalizing some forms of
19   discovery abuse").  Nevertheless, upon reconsiderstion, the court
20   acknowledges that defendants' representations that they would
21   produce all the requested discovery should not reasonably be
22   interpreted to mean that they would produce allegedly privileged
23   documents.  (See Galles Decl. ¶ 14).  Therefore, the court's
24   prior order will be modified to the extent it encompassed the
25   production of documents alleged to be privileged.

26   Plaintiffs have, however, raised questions regarding
27   the validity of some of defendants' privilege claims.  (See
28   Galles Decl. ¶ 15).  The court does not wish to disregard

plaintiffs' concerns regarding defendants' privilege claims.  Nor

does it mean to impute any disingenuousness to defendants with

regard to their privilege claims.  However, to allay plaintiffs'

concerns that defendants' privilege claims are overbroad or

unmeritorious, the court will require defendants to file with the

court under seal all allegedly privileged documents requested by

plaintiffs, subject only to the court's review.  This requirement

will encourage defendants to scrutinize their privilege claims.

IT IS THEREFORE ORDERED that:

(1) defendants' motion for relief from the court's July 22, 2005 order be, and the same hereby is, DENIED IN PART AND GRANTED IN PART;

(2) defendants shall produce all nonprivileged documents requested in plaintiffs' May 31, 2005 motion to compel by August 3, 2005.

(3) on or before August 10, 2005, defendants shall file with the court under seal copies of any documents requested in plaintiffs' May 31, 2005 motion to compel which defendants claim to be privileged; and

(4) except as herein modified, all other provisions of this court's order of July 22, 2005 remain in full force and effect.

DATED:  July 29, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9