1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11  MICHAEL D. BURCH and THE
    BANKRUPTCY ESTATE OF MICHAEL
12  D. BURCH,
                                    NO. CIV. S-04-0038 WBS GGH
13           Plaintiff,

14      v.                          MEMORANDUM AND ORDER
                                    RE: PRIVILEGED MATERIALS
15                                  SUBMITTED UNDER SEAL FOR
                                    IN CAMERA INSPECTION PURSUANT
16                                  TO COURT ORDER
    REGENTS OF THE UNIVERSITY OF
17  CALIFORNIA, LARRY VANDERHOEF,
    GREG WARZECKA, PAM GILL-
18  FISHER, ROBERT FRANKS, and
    LAWRENCE SWANSON,
19
20           Defendants.
                                 ----oo0oo----

21           On July 22, 2005, the court issued an order directing

22  defendants to produce certain documents.  The court modified the

23  order on July 29, 2005, to allow defendants to submit under seal

24  all allegedly privileged documents to the court for in camera

25  review.  Defendants submitted the allegedly privileged documents

26  on August 10, 2005 along with briefing to support defendants'

27  assertions of privilege.  Plaintiffs responded to defendants'

28  briefing on August 17, 2005 and moved the court to reject all

                                   1

1  defendants' claims of privilege and to compel defendants to

2  produce all withheld and other responsive documents.  Defendants

3  replied to plaintiffs' response.  The court now addresses

4  defendants' privilege claims.

5        Defendants have refused to produce to plaintiffs

6  certain documents that defendants claim are protected from

7  disclosure by virtue of the attorney-client privilege, work

8  product doctrine, deliberative process privilege, and/or a

9  privacy-based privilege.  Plaintiffs correctly point out that

10  defendants waived any applicable evidentiary privileges by

11  failing to timely provide plaintiffs with privilege logs and

12  supporting declarations.

13        The party asserting evidentiary privileges has the

14  burden of proving that the privileges apply to the documents or

15  communications the party seeks to withhold.  In re: Grand Jury

16  Investigation v. The Corp., 974 F.2d 1068, 1070 (9th Cir.

17  1992)(dealing with attorney-client privilege); Verizon Cal., Inc.

18  v. Ronald A. Katz Tech. Licensing, L.P., 266 F.Supp.2d 1144, 1147

19  (C.D. Cal. 2003)(dealing with work product privilege); N.

20  Pacifica, LLC v. City of Pacifica, 274 F.Supp.2d 1118, 1122 (N.D.

21  Cal. 2003)(dealing with deliberative process privilege).  To meet

22  this burden, the party asserting a privilege must produce more

23  than just "boilerplate objections or blanket refusals" in

24  response to a request for production of documents.  Burlington N.

25  v. United States Dist. Court For the Dist. of Mont., 408 F.3d

26  1142, 1149 (9th Cir. 2005).  The burden may be met by the

27  submission of a detailed privilege log, but only if such log is

28  submitted in a timely manner.  Id. at 1147.  The log must also

1  contain supporting affidavits or other competent evidence to
2  prove the applicability of asserted privileges.  In re Heritage
3  Bond Litig., 2004 WL 19700058 *2 (C.D. Cal. 2004).

4          In Burlington, a case decided just this year, the Ninth
5  Circuit explained how district courts are to determine whether a
6  privilege log was submitted in a timely manner. 408 F.3d at 1149.
7  In deciding the issue, the Burlington Court first noted that
8  Federal Rule of Civil Procedure 34 sets a 30-day deadline for
9  responding to a discovery request in writing.  The court
10 concluded that Rule 34 thus "imposes a bright-line rule" defining
11 timeliness, but found that it contains no explicit prohibition
12 against boilerplate objections or assertions of privilege.  Id.
13 at 1147.  The court went on to note, however, that Federal Rule
14 of Civil Procedure 26(b)(5)[1] does require that a proper assertion
15 of privilege be more specific than a generalized, boilerplate
16 objection.  The court acknowledged that Rule 26(b)(5) does not
17 "specifically correlate this [specificity] requirement with Rule
18 34's bright-line rule for timeliness, nor does it explicitly
19 articulate a waiver rule."  Id.  However, in examining the notes
20 accompanying the relevant paragraph to Rule 26(b)(5), the court
21 found that waiver of privilege would be appropriate where Rule

22

23      [1]     **Claims of Privilege or Protection of Trial Preparation**
              **Materials.**  When a party withholds information
24            otherwise discoverable under these rules by claiming
              that it is privileged . . . , the party shall make the
25            claim expressly and shall describe the nature of the
              documents, communications, or things not produced or
26            disclosed in a manner that , without revealing
              information itself privileged . . . will be enable
27            other parties to assess the applicability of the
              privilege. . . .

28 Fed. R. Civ. P. 26(b)(5).

                          3

1   26(b)(5)'s requirements were not met.  Id.

2          The Ninth Circuit then acknowledged that no Circuit has

3   explicitly weighed in on the precise relationship between the

4   requirements of Rule 26(b)(5) and Rule 34's deadline, and noted

5   that a survey of district court cases revealed "a mixed bag,"

6   ranging from a permissive approach where boilerplate objections

7   were accepted at any time to a strict approach finding waiver

8   where a party failed to meet a more strict construction of Rule

9   26(b)(5) within Rule 34's 30-day time limit.  Id. at 1148.  "In

10  order to honor the spirit of the Rules," the court then concluded

11  that it would "chart a middle road through the wide spectrum of

12  caselaw regarding discovery by reading Rules 26(b)(5) and 34

13  together. . . ."  Id. at 1149.

14         The Ninth Circuit held that boilerplate objections or

15  blanket refusals in response to a Rule 34 request for production

16  of documents are insufficient to assert a privilege.  However, it

17  rejected a per se waiver rule that would deem a privilege waived

18  if a privilege log intended to meet 26(b)(5)'s requirements

19  were not produced within Rule 34's 30-day time limit.  Id.  The

20  court then held that district courts are to use the 30-day

21  deadline for responding to document requests contained in Federal

22  Rule of Civil Procedure 34 as a "default guideline" to make a

23  "case-by-case determination" of timeliness for meeting Rule

24  26(b)(5)'s requirements by considering several factors.  Id.  The

25  factors are: (1) the degree to which the objection or assertion

26  of privilege enables the litigant seeking discovery and the court

27  to evaluate whether each of the withheld documents is privileged;

28  (2) the timeliness of the objection and accompanying information

                                    4

1  about the withheld documents; (3) the magnitude of the document

2  production; and (4) other particular circumstances of the

3  litigation that make responding to discovery unusually simple or

4  unusually difficult.  <u>Id.</u>

5       The <u>Burlington</u> factors are generally to be applied "in

6  the context of a holistic reasonableness analysis," aimed at

7  preventing needless waste of time and manipulation of the

8  discovery process.  <u>Id.</u>  Though the Ninth Circuit stopped short

9  of providing a bright-line rule, the <u>Burlington</u> Court did

10 specifically note that "in the absence of mitigating

11 considerations," a district court would be justified in finding

12 that a party had waived its asserted privileges by submitting a

13 privilege log <u>five months</u> after the Rule 34 deadline.  <u>Id.</u>

14      The instant case seems to be just the sort of case the

15 Ninth Circuit had in mind with that observation.  Plaintiffs

16 served their first request for production of documents on May 13,

17 2004.  Defendants responded on June 21, 2004, in part by making

18 numerous assertions of privilege without submitting a

19 contemporaneous privilege log.  Defendants correctly point out

20 that plaintiffs have failed to cite any source indicating that

21 such a log "must be tendered contemporaneously with the privilege

22 based objection."  (Defs.' Reply Brief Re: Privileged Materials

23 Submitted Under Seal at 3).  However, defendants readily

24 acknowledge that they did not produce a privilege log until

25 November 10, 2004, "approximately <u>six months</u> after [p]laintiffs

26 served their first set of document requests, and approximately

27 two months after plaintiffs served their second set of document

28 requests."  (<u>Id.</u>)(emphasis added).  Under <u>Burlington</u>, defendants'

delay in adequately responding to plaintiff's first request for
document production is thus presumptively untimely absent
mitigating considerations.

　　　　　Nor does it help defendants' case in this regard for
them to point out that they submitted a declaration of campus
counsel Steve Drown in support of their claims for attorney-
client privilege and work product immunity.  (Id.).  Defendants
fail to mention that the declaration was not signed until August
9, 2005 and not submitted until August 10, 2005, at least a year
after the Rule 34 deadline had passed for either set of
plaintiffs' document requests.  (Id. Ex. A (Drown Decl.)).  This
late submission only compounds defendants' delay.  The same must
be said for the declaration of Larry N. Vanderhoef, chancellor of
the University of California campus at Davis.  That declaration,
which attempts to invoke the deliberative process privilege and
to provide a factual context for invoking the privilege, was also
not signed until August 9, 2005, and not submitted to the court
until August 10, 2005.  (Id. Ex. B (Vanderhoef Decl.)).  The
court further observes that defendants have not referred it to a
single declaration to establish their other privacy-based
privileges.

　　　　　The fact that defendants felt compelled to submit the
declarations they did submit to supplement their November 10,
2004 privilege log is also an implicit admission that, without
them, the privilege log was insufficient to establish defendants'
claimed privilege.  See In re Heritage Bond Litig., 2004 WL
19700058 at *2(party asserting privilege must support application
of privilege with competent evidence).  This means that the

privileges asserted in response to <u>both</u> plaintiffs' requests for production of documents were not adequately supported until August 10, 2005, well beyond the point under <u>Burlington</u> where defendants were required to present mitigating considerations for their delay.

Further, defendants have failed to present any mitigating considerations for their delay, apparently relying on plaintiffs' failure to provide relevant citation or, as it turns out, to point them to <u>Burlington</u>.  This is unacceptable.  The court will not neglect to apply the appropriate legal standard simply because the parties have overlooked it.  <u>See</u> <u>United States Nat'l Bank v. Indep. Ins. Agents of Am.</u>, 508 U.S. 439, 446 (1993)("[W]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.")(citation omitted).  Defendants delayed demonstrating the applicability of their asserted evidentiary privileges for too long.  Nor have they presented any mitigating circumstances for their delay.  Therefore, the court finds that defendants have waived their privileges.  <u>See</u> <u>Burlington</u>, 408 F.3d at 1149.

Defendants appear to be particularly concerned about documents allegedly protected by the deliberative process privilege.  Defendants represent that the documents in question are unrelated to their decision to terminate plaintiff Michael Burch.  (<u>See</u> Defs.' Reply Re: Privileged Materials Submitted Under Seal at 8).  Therefore, defendants should not be alarmed that plaintiffs will be able to review these documents in

preparing their case.  Defendants' primary concern would thus
appear to be that the documents at issue contain private
correspondence among University personnel regarding University
policy - much of it regarding the University's public response to
allegations of discrimination - that defendants do not wish to
have publicly disclosed.  If this is truly defendants' concern,
defendants may seek a protective order for any documents for
which defendants asserted a deliberative process privilege.

IT IS THEREFORE ORDERED that defendants produce all
documents requested in plaintiffs' May 31, 2005 motion to compel
for which defendants' have asserted attorney-client, work
product, deliberative process, or privacy-based privileges by
**September 12, 2005.**

DATED:  August 30, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8